UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Chandler Four Corners, Inc.,
and Laura Megroz,

        Plaintiffs,

           v.

Lolo Imports, LLC, d/b/a Lolo Rugs and Gifts,
and Aytekin Tenekeci,

        Defendants.

Civil Action No. 2:25–cv–631–kjd

## REPORT AND RECOMMENDATION[1]
(Doc. 12)

Plaintiffs Chandler Four Corners, Inc. (Chandler), and Laura Megroz bring this action

against Defendants Lolo Imports, LLC, d/b/a Lolo Rugs and Gifts (Lolo) and Aytekin Tenekeci

for willful copyright infringement based on Defendants' alleged unauthorized sale of Plaintiffs'

copyrighted design depicting skiers and pine trees. (Doc. 1.) Given Defendants' failure to appear

in the action, Plaintiffs have filed a Motion for Default Judgment pursuant to Federal Rule of

Civil Procedure 55(b)(2) and Local Rule 55(c). (Doc. 12.) No opposition has been filed.

---

[1] Although Plaintiffs have consented to the Magistrate Judge's exercise of jurisdiction over this case pursuant to 28 U.S.C. § 636(c) (Doc. 9), the decision on the pending Motion for Default Judgment must be in the form of a Report and Recommendation because: (a) the Motion constitutes a "pretrial matter dispositive of a claim or defense," Fed. R. Civ. P. 72(b)(1); and (b) given their default, Defendants have not consented to jurisdiction by the Magistrate Judge. *See Revision Mil. Ltd. v. Gideon Servs.*, *Inc.*, Civil Action No. 2:17–cv–128, 2017 WL 5632700, at *1 (D. Vt. Oct. 31, 2017) ("Notwithstanding the fact that Plaintiff has consented to jurisdiction by the Magistrate Judge over this case pursuant to 28 U.S.C. § 636(c), . . . the decision on Plaintiff's Motion for Default must be in the form of a Report and Recommendation because . . . the defaulting party[] has not consented to jurisdiction by the Magistrate Judge."), *report and recommendation adopted*, 2017 WL 5634872 (Nov. 21, 2017).

For the reasons discussed below, I recommend that the Court grant Plaintiffs' Motion as to liability and deny the Motion without prejudice as to statutory damages and attorney fees and costs.

## Procedural Background

On July 8, 2025, Plaintiffs filed the Complaint in this action for willful copyright infringement under 17 U.S.C. § 101 *et seq.* (Doc. 1.) Defendants were served on August 4, 2025. (Docs. 5, 6.) The time for Defendants to file a response to the Complaint has expired, *see* Fed. R. Civ. P. 12(a), and no response—or any other document—has been filed by or on behalf of either Defendant. The Clerk of Court entered default against Defendants on November 14, 2025. (Doc. 11.)

## Factual Background

The Court derives the following findings of fact from allegations contained in the Complaint (Doc. 1), which are taken as true,[2] and the Declaration and Exhibits filed with Plaintiffs' Motion for Default Judgment (Docs. 12-1 to 12-4).

Plaintiff Chandler is in the business of producing, marketing, and selling artist-created, handcrafted, decorative goods to more than one thousand stores nationwide and internationally. (Doc. 1 ¶ 5.) Plaintiff Megroz is an artist residing in South Londonderry, Vermont, who creates and sells artwork depicting winter scenes. (*Id.* ¶ 6.) In December 2010, Megroz created a pillow called "Ski Country," which is sometimes produced with the name of ski destinations such as "Vail" or "Colorado" written on it. (*Id.* ¶¶ 6, 14; *see* Doc. 1-1 at 2.) Chandler is Megroz's exclusive licensee for the production and sale of the "Ski Country" pillow. (Doc. 1 ¶ 7.)

---

[2] *See Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (observing that "the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true").

"Ski Country" is an original work of 2-D art created by Megroz. (*Id.* ¶ 14; *see* Doc. 1-1 at 1.) It was first published on December 1, 2010, and was registered with the United States Copyright Office on February 16, 2024. (Doc. 1-1 at 1.)

Defendant Lolo, a Nevada corporation with its principal place of business in Colorado, is (or was)[3] in the business of selling rugs, gifts, and other household items via their website and in stores located in Nevada and Colorado. Defendant Tenekeci owns Lolo and resides in Colorado. (Doc. 1 ¶ 9.)

In 2019, Lolo purchased "Ski Country" from Chandler for the purpose of resale. (Doc. 1 ¶ 16.) In early 2024, however, "it was discovered" that Lolo was selling unauthorized and unlicensed "Ski Country" pillows at its store in Vail, Colorado. (*Id.* ¶ 17.) By letters dated February 26, 2024 and April 2, 2024, respectively, Chandler demanded that Lolo cease and desist selling the infringing products. (*Id.* ¶¶ 18, 20.) Chandler received no response from Defendants, other than a May 3, 2024 voicemail from Tenekeci stating that he was "able to return all products to our source."[4] (*Id.* ¶ 21.) Without Plaintiffs' permission, Defendants have continued to sell "Ski Country" pillows on their website and at their store in Vail. (*Id.* ¶¶ 23–25; *see* Doc. 15 ¶ 4 (Supplemental Declaration of Andrew Manitsky, Esq., indicating that, as of June 16, 2026, Defendants "[we]re still displaying their infringing product on their website").)

---

[3] It is unknown if Lolo is still in business. According to Plaintiffs, the Nevada Secretary of State website indicates the company was dissolved in December 2018. (*See* Doc. 1 ¶ 8.)

[4] In addition, attachments to the Motion for Default Judgment indicate that: (1) Tenekeci emailed Plaintiffs' counsel on June 3, 2024, again stating that Defendants were "able to return all products to our source" (Doc. 12-3 at 1); and (2) Tenekeci emailed Plaintiffs' counsel on September 22, 2025, thanking counsel for letting him know about this lawsuit, asking "when . . . the case paper[]work was served," and proposing a call to discuss the case (Doc. 12-2 at 2). Despite Plaintiffs' counsel's prompt response to both emails, no further communication from Defendants was received.

**Analysis**

**I.      Legal Standard for Default Judgment**

Under Federal Rule of Civil Procedure 55, a plaintiff may obtain a default judgment against a defendant who has failed to plead or otherwise defend against a lawsuit. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The plaintiff must first obtain entry of default. Fed. R. Civ. P. 55(a). Upon entry of default, the plaintiff may request default judgment under Rule 55(b). *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 34 (2d Cir. 2012). "An entry of default judgment converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides [the plaintiff] is entitled." *Id.* (alteration in original) (internal quotation marks omitted).

"[A] party's default is deemed to constitute a concession of all well[-]pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see Santillan v. Henao*, 822 F. Supp. 2d 284, 290 (E.D.N.Y. 2011) ("A default . . . effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct; that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged."). Courts may not, however, "skip over all questions of liability in deciding motions for default judgments." *Hernandez v. Little K's Landscaping, LLC*, Civil No. 3:23-CV-00460 (SVN), 2024 WL 1121321, at *3 (D. Conn. Feb. 5, 2024). Rather, "a district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

If the facts and evidence presented on default are sufficient to establish liability, the court must proceed to "determine the appropriate amount of damages." *Credit Lyonnais Sec. (USA),*

*Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *see Greyhound Exhibitgroup*, 973 F.2d at 158 ("While a party's default is deemed to constitute a concession of all well[-]pleaded allegations of liability, it is not considered an admission of damages."). The damages inquiry requires "determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." *Credit Lyonnais*, 183 F.3d at 155.

Although the court is not "obligated to hold an evidentiary hearing" to determine damages, "it should take the necessary steps to establish damages with reasonable certainty," *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997), and "[t]here must be an evidentiary basis for the damages sought by plaintiff," *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). The court may find sufficient evidence to support a damages award "either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.*; *see* Fed. R. Civ. P. 55(b)(2); *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (holding that "detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record," provided "sufficient basis" for calculating damages). "By its terms, [Rule] 55(b)(2) leaves the decision of whether a hearing is necessary to the discretion of the district court." *Fustok*, 873 F.2d at 40.

Regardless of the evidence presented, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). By limiting damages to the demand in the pleadings, the federal rules "ensure[] that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer

judgment in that amount, and then default without the need to hire a lawyer." *Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007).

**II.    Defendants' Liability for Copyright Infringement**

The Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, is the principal statute protecting against copyright infringement. "The owner of a copyright has the exclusive right to—or to license others to—reproduce, perform publicly, display publicly, prepare derivative works of, and distribute copies of, his copyrighted work." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (citing 17 U.S.C. § 106). To establish copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The term "copying" "is shorthand for the infringing of any of the copyright owner's five exclusive rights described in [17 U.S.C.] § 106." *Arista Recs.*, 604 F.3d at 117 (internal quotation marks omitted). As relevant in this case, it includes "reproduc[tion of] the copyrighted work in copies," "prepar[ing] derivative works based upon the copyrighted work," and "distribut[ing] copies . . . of the copyrighted work to the public by sale or other transfer of ownership," 17 U.S.C. § 106(1)–(3).

**A.    Valid Copyright**

As to the first element of a copyright infringement claim—ownership of a valid copyright—"[a] certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright." *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999). Plaintiffs have submitted Certificate of Registration No. VA 2-391-546 issued by the United States Register of Copyrights. (Doc. 1-1.) The Certificate indicates that "Ski Country," described as "2-D artwork," was first published on December 1, 2010, and

6

was created by author and "Copyright Claimant" Laura Megroz. (*Id.*) The "Effective Date of Registration" of the copyright is listed as February 16, 2024. (*Id.*) The Certificate of Registration is prima facie evidence of Megroz's ownership of a valid copyright.[5] By defaulting, Defendants have failed to rebut this presumption of ownership.[6]

Accordingly, Plaintiffs have established that Megroz is the owner of a valid copyright to "Ski Country."

### B.    Defendants' Copying of Constituent Elements of the Work that Are Original

To satisfy the second element of a copyright infringement claim, a plaintiff must demonstrate that: "(1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of [the] plaintiff's [work]." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (second alteration and emphasis in original) (internal quotation marks omitted). "The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." *Id.* (alteration in original) (internal quotation marks omitted). In applying this so-called "ordinary observer test," the court asks "whether an average lay observer would

---

[5] The Court takes judicial notice of the "Ski Country" copyright registration. *See Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (holding that "district court was entitled to take judicial notice of [defendant's] federal copyright registrations, as published in the Copyright Office's registry").

[6] Although more than ten years passed between publication and registration of "Ski Country," given Defendants' default, "there is nothing in the record for the Court to conclude that the copyright registration is invalid[;] [a]nd, as such, the Court still considers it as prima facie evidence of a valid copyright." *Simons v. Brigade USA Inc.*, 21-CV-5311-RPK-SJB, 2022 WL 4115369, at *4 n.2 (E.D.N.Y. July 27, 2022); *see* 17 U.S.C. § 410(c) ("[T]he certificate of a registration *made before or within five years after first publication of the work* shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration *made thereafter* shall be within the discretion of the court." (emphases added)); *Van Cleef & Arpels Logistics, S.A. v. Landau Jewelry*, 547 F. Supp. 2d 356, 362 (S.D.N.Y. Apr. 21, 2008) ("Although a copyright registration issued more than five years after the first publication of a work is not entitled to the statutory presumption of validity, a court may accord it such evidentiary weight as it sees fit.").

recognize the alleged copy as having been appropriated from the copyrighted work." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010) (internal quotation marks omitted); *see id.* (explaining that "[courts] are principally guided by comparing the contested design's total concept and overall feel with that of the allegedly infringed work, as instructed by our good eyes and common sense" (citations and internal quotation marks omitted)).

According to the Complaint, as of "[e]arly . . . 2024," Defendants sold "unauthorized and unlicensed" "Ski Country" pillows at their store in Vail, and they continue to sell these pillows at their Vail store and on their website. (Doc. 1 ¶¶ 17, 24–25.) The Complaint includes copies of photographs of both Plaintiffs' original "Ski Country" pillow and the substantially similar pillows that Defendants are selling without Plaintiffs' permission. (*See id.* ¶¶ 6, 24, 25; *see also* Doc. 1-1 at 2; Doc. 12 at 3, 5.) In the Motion for Default Judgment, Plaintiffs juxtapose a copy of a photograph of Plaintiffs' original copyrighted "Ski Country" pillow and a copy of a photograph of Defendants' alleged copyright-infringing "Ski Country" pillow. (*See* Doc. 12 at 6.) Plaintiffs contend that the Court "can easily make the determination that Defendants have infringed Megroz's work," given "the number and position of trees, the overall colors, the number and position of skiers, the clothing of the skiers, the 'marks' in the snow, . . . [and] many other copied elements – including . . . Megroz's own initials ("LM") which appear on the bottom right corner of the original *and the copy*." (*Id.* at 7.) The Court agrees, perceiving no meaningful difference between Megroz's original "Ski Country" pillow and Defendants' copy of the pillow, further finding a substantial similarity between Defendants' pillow and the protectible elements of the copyrighted pillow.

The Complaint also alleges that Plaintiffs did not authorize or permit Defendants to sell the "Ski Country" pillow, and that Chandler sent two cease-and-desist letters to Lolo demanding that Lolo stop selling the infringing products. Yet Lolo continued selling them. (*See* Doc. 1 ¶¶ 18–25; Doc. 15 ¶ 4.)

Because Defendants have admitted these facts by virtue of their default, Plaintiffs have established that Defendants violated their exclusive rights as the copyright holder of the "Ski Country" pillow by selling a substantially similar copy of the pillow without Plaintiffs' permission. *See, e.g.*, *Yague v. Visionaire Publ'g LLC*, 19-cv-11717 (LJL), 2021 WL 4894676, at *2 (S.D.N.Y. Sept. 14, 2021).

"All persons, including corporate officers and shareholders, 'who *participate in, exercise control over or benefit from* an infringement are jointly and severally liable as copyright infringers.'" *Michael Grecco Prods., Inc. v. Valuewalk, LLC*, 345 F. Supp. 3d 482, 513 (S.D.N.Y. 2018) (quoting *Sygma Photo News, Inc. v. High Soc. Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir. 1985)). Because the facts establish that Lolo infringed Plaintiffs' copyright, and Tenekeci is the owner of Lolo with a direct financial interest in the company, Defendants are jointly and severally liable for the infringement. *See Broad. Music, Inc. v. Little City Cider Co., LLC*, Case No. 2:24-cv-01300, 2025 WL 1883625, at *4 (D. Vt. July 8, 2025).

Accordingly, I recommend that Plaintiffs' Motion for Default Judgment be GRANTED against Defendants jointly and severally as to liability for copyright infringement.

## III.    Damages

The Court next considers Plaintiffs' entitlement to damages. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais*, 183 F.3d at 155.

9

A copyright owner may elect to receive an award of either actual damages, which may include the defendant's profits, or statutory damages. 17 U.S.C. § 504(a)-(c). Actual damages are primarily measured by "the extent to which the market value of the copyrighted work at the time of the infringement has been injured or destroyed by the infringement." *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1118 (2d Cir. 1986). Statutory damages, on the other hand, may be allowed "for all infringements involved in the action, with respect to any one work, . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Statutory damages are intended "to provide adequate compensation to the copyright holder and to deter infringement." *Antenna Television, A.E. v. Aegean Video Inc.*, No. 95–CV–2328 ERK, 1996 WL 298252, at *8 (E.D.N.Y. Apr. 23, 1996). They are particularly appropriate "where proof of actual damages or profits is insufficient," *Bus. Trends Analysts, Inc. v. Freedonia Grp., Inc.*, 887 F.2d 399, 403 (2d Cir. 1989), or "where a defendant has defaulted," *Microsoft Corp. v. Atek 3000 Comput. Inc.*, No. 06 CV 6403(SLT)(SMG), 2008 WL 2884761, at *3 (E.D.N.Y. July 23, 2008).

Where the alleged infringement was committed "willfully," "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). To prove "willfulness" under the Copyright Act, "the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005) (internal quotation marks omitted). Several courts in this Circuit have held that a complaint's allegation that the infringement was willful is a legal conclusion which is not deemed admitted by a defendant's default. *See, e.g.*, *Serio v. Skijor, USA, Inc.*, 23-cv-438 (LJL), 2023 WL 8372894, at

*4 (S.D.N.Y. Dec. 4, 2023) (finding defendant's default "insufficient to show willfulness, as the mere fact of a default should not increase the quantum of statutory damages." (internal quotation marks omitted)); *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 735 (W.D.N.Y. 2011) ("[B]y admitting liability as to all allegations in the Complaint, given that the Complaint's well-pleaded allegations include that the copyright infringements to which Defendants admitted were made with knowledge and intent to violate Plaintiffs' rights, Defendants did not necessarily also admit that the copyright infringements were willful." (citations and internal quotation marks omitted)). Other courts in this Circuit have concluded otherwise, holding that a defendant's failure to participate in litigation despite proper service is itself evidence of the willfulness of the infringement. *See, e.g.*, *Rovio Ent., Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ("Copyright infringement is deemed willful by virtue of a defendant's default."); *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 621 (S.D.N.Y. 2011) ("Defendants have defaulted . . . and by virtue of their default are deemed to be willful infringers.").

Plaintiffs' Complaint contains sufficient allegations—unanswered by Defendants—that Defendants infringed Plaintiffs' copyrighted "Ski Country" pillow willfully. *See, e.g.*, *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113 (2d Cir. 2001) (holding that, even without actual knowledge of infringement, defendant's reckless disregard for plaintiffs' copyrights constituted willfulness, and noting that defendant "was warned of the potential similarity of the goods and should have taken appropriate steps to check for copyright infringement"). Specifically, the Complaint alleges that Chandler sent two cease-and-desist letters to Lolo, and that Tenekeci subsequently stated in a voicemail that he was "able to return all products to our source." (Doc. 1 ¶¶ 18, 20, 21.) Emails attached to Plaintiffs' Motion for Default Judgment reveal that Tenekeci

11

was aware of Plaintiffs' accusations of copyright infringement and of this litigation. (*See* Doc. 12-2 at 2, Doc. 12-3 at 1.) Notably, although a June 2024 email from Tenekeci to Plaintiffs' counsel indicates that Defendants "were able to return" all infringing products to their source (Doc. 12-3 at 1), it does not state that Defendants ceased selling "Ski Country" pillows, and it does not represent the number of pillows Defendants returned, the number of pillows Defendants already sold, or Defendants' profits from their sale of the pillows.

Plaintiffs' Complaint requests an award of compensatory damages totaling at least $200,000 or "at their election" an award of statutory damages of $150,000 for each infringing act (Doc. 1 at 6). In their Motion for Default Judgment, however, Plaintiffs request only statutory damages in the amount of $150,000 (*see* Doc. 12 at 1, 8, 11). The Court therefore considers only Plaintiffs' request for statutory damages.

In determining an award of statutory damages for copyright infringement, courts consider the following six factors:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Castillo v. G&M Realty L.P.*, 950 F.3d 155, 171 (2d Cir. 2020) (internal quotation marks omitted). Unlike awards for actual damages, statutory damages awards "frequently greatly exceed the actual damages shown." *Stevens v. Aeonian Press, Inc.*, No. 00 Civ. 6330(JSM), 2002 WL 31387224, at *2 (S.D.N.Y. Oct. 23, 2002). "The Court must, in its discretion, make an award of statutory damages in an amount, within the permissible range, that will further the Copyright Act's objectives of compensating copyright owners for past infringement and deterring future infringement, even for 'uninjurious and unprofitable invasions of copyright.'" *Id.*

12

(quoting *F.W. Woolworth Co. v. Contemp. Arts, Inc.*, 344 U.S. 228, 233 (1952)). The district court "has wide discretion in setting the statutory damage award anywhere between $750 and $30,000 for each work infringed." *Island Software*, 413 F.3d at 265; *see Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 143 (2d Cir. 2010) ("District courts enjoy wide discretion . . . in setting the amount of statutory damages." (omission in original) (internal quotation marks omitted)).

However, neither statutory damages under 17 U.S.C. § 504 nor attorney fees and costs under 17 U.S.C. § 505 are recoverable for "any infringement of copyright *commenced after first publication of the work and before the effective date of its registration*, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2) (emphasis added); *see Fischer v. Forrest*, 968 F.3d 216, 220 (2d Cir. 2020); *Jamison Bus. Sys., Inc. v. Unique Software Support Corp.*, No. CV 02–4887(ETB), 2005 WL 1262095, at *20 (E.D.N.Y. May 26, 2005) ("[T]he court may not award statutory damages or attorney's fees where the copyright owner did not register the work prior to the infringement."). In other words, statutory damages, and attorney fees and costs, are not available if a copyright owner does not register the copyrighted work before the alleged infringement occurs or within three months of publishing the work. *See Fischer*, 968 F.3d at 222 (holding that 17 U.S.C. § 412 barred recovery of statutory damages where "the first allegedly infringing act occurred before the date of the copyright registration"); *On Davis v. The Gap, Inc.*, 246 F.3d 152, 171 (2d Cir. 2001) (stating that Copyright Act "made statutory damages less widely available, explicitly denying them to copyright owners who had not registered their copyright at the time of the infringement"); *Adlife Mktg. & Commc'ns Co., Inc. v. Buckingham Bros., LLC*, 5:19-CV-0796 (LEK/CFH), 2020 WL 4795287, at *4 (N.D.N.Y. Aug. 18, 2020) ("[C]ourts in this Circuit often dismiss claims for

13

statutory damages or attorney's fees . . . if a work is neither registered before the infringement nor published before the infringement and within three months of registration, bases for dismissal under § 412 that both depend upon the alleged registration date." (citing cases)); *Arista Recs. LLC v. Lime Grp. LLC*, No. 06 CV 5936(KMW), 2011 WL 1226277, at *3 (S.D.N.Y. Mar. 29, 2011) ("In addition to barring recovery for infringement of a work that occurs before Registration, courts have held that Section 412 imposes a bright-line rule, barring the recovery of statutory damages for infringement *occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration*." (internal quotation marks omitted)); *Fournier v. Erickson*, 202 F. Supp. 2d 290, 297 (S.D.N.Y. 2002) ("If *any* alleged infringement of an unpublished work occurs before registration, statutory damages are unavailable."); *Cognotec Servs., Ltd. v. Morgan Guar. Tr. Co. of New York*, 862 F. Supp. 45, 52 (S.D.N.Y. 1994) ("Any awards of statutory damages or of attorneys fees are precluded when the infringement occurs prior to the effective date of registration.").

Although Plaintiffs' Complaint provides the date of copyright registration for Plaintiffs' "Ski Country" pillow—February 16, 2024—it does not state when the infringement "commenced." 17 U.S.C. § 412(2). The Complaint alleges that "'Ski Country' is an original work of authorship *fixed in a tangible medium of expression in December 2010*" (Doc. 1 ¶ 14 (emphasis added)); and, "*[e]arly last year (in 2024), it was discovered that* Lolo was selling unauthorized and unlicensed 'Ski Country' pillows at its store in Vail" (*id.* ¶ 17 (emphasis added)). The Court determines from the attached Certificate of Registration that the "Date of 1st Publication" for "Ski Country" is December 1, 2010 (Doc. 1-1 at 1), which is well over ten years before the date of copyright registration in February 2024. But the Complaint allegations and the evidence submitted to the Court do not establish *when, precisely, Defendants' alleged*

14

*infringement of the "Ski Country" pillow commenced*. Without this information, the Court is unable to determine if the infringement "commenced after first publication of" the copyrighted pillow and "before the effective date of" its registration, which would preclude an award of statutory damages. 17 U.S.C. § 412(2). Plaintiffs' vague allegation that "it was discovered" Lolo was unlawfully selling "Ski Country" pillows in early 2024 (Doc. 1 ¶ 17), when registration of the copyright was also obtained in early 2024 (February 16, 2024) (*id.* ¶ 15), is insufficient to support an award of statutory damages. *See, e.g.*, *Phillips v. TraxNYC Corp.*, 21-CV-528 (LDH)(MMH), 2023 WL 1987206, at *7 n.9 (E.D.N.Y. Feb. 14, 2023) (noting that plaintiff "is not eligible for statutory damages under the Copyright Act" because he "did not register the [copyrighted] Photograph until September 30, 2012, more than 15 years after first publication on March 10, 1997, and one month after the alleged infringement date of September 1, 2012"), *report and recommendation adopted*, 2023 WL 2532066 (Mar. 14, 2023); *Yague v. Visionaire Publ'g LLC*, 19-cv-11717 (LJL), 2021 WL 4481178, at *1, 2 (S.D.N.Y. Sept. 29, 2021) (stating that "although Plaintiff sought statutory damages under section 504 of the Copyright Act, the complaint did not allege an act of copyright infringement that occurred after the date of registration," and explaining that "[t]he complaint in this action, filed on December 21, 2019, does not allege either the date of registration or the date of infringement" (citations omitted)); *Olusola v. Don Coqui Holding Co., LLC*, 19-CV-6909 (MKB) (JO), 2020 WL 8771246, at *4 (E.D.N.Y. Oct. 8, 2020) (finding that plaintiff "is not entitled to an award of statutory damages because public record confirms that he did not register the photograph until October 25, 2019 – after the September 11, 2019, infringement date and more than three months after the photograph's first publication on August 3, 2018"), *report and recommendation adopted in part and modified in part on other grounds*, 2021 WL 631031 (Feb. 18, 2021); *Jerstad v. New York*

15

*Vintners LLC*, 18-CV-10470 (JGK) (OTW), 2019 WL 6769431, at *2 n.3 (S.D.N.Y. Dec. 12,

2019) (surmising that plaintiff elected actual damages "because statutory damages are foreclosed

when the infringement occurred before the effective date of copyright registration" (citing 17

U.S.C. § 412)), *report and recommendation adopted*, 2020 WL 58237 (Jan. 6, 2020); *Steele*,

2014 WL 1979227, at *8 (finding no entitlement to statutory damages and attorney fees, given

that defendants' earliest infringing use of copyrighted film occurred on September 10, 2011, and

effective copyright registration date was not until October 25, 2011); *Innovative Networks, Inc.*

*v. Young*, 978 F. Supp. 167, 175 (S.D.N.Y. 1997) ("It is clear from both the wording and

legislative history of Section 412 that statutory damages may not be awarded even if

infringement, originally commenced before registration, continues after registration."), *aff'd sub*

*nom. Innovative Networks Inc. v. Satellite Airlines Ticketing Ctrs., Inc.*, 152 F.3d 918 (2d Cir.

1998); *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) (holding that, "even

if there is ultimately a finding that the defendants infringed the plaintiff's copyright, the plaintiff

would not be entitled to elect statutory damages or to receive attorney's fees," because

defendants' alleged infringement began before copyright was registered and acts of alleged

infringement that occurred after registration "do not constitute new acts of infringement but a

continuation of the infringement that 'commenced' prior to registration").

In an instructive case from the Southern District of New York, the court found that

statutory damages are not available where the allegations in the complaint do not support a

plausible inference that the alleged infringement occurred after the date of registration. *See*

*Yague*, 2021 WL 4481178, at *2. The court explained:

> Plaintiff admits that he has not located any case law to support the proposition that
> the failure to answer should give rise to a presumption that the infringement took
> place after the date of registration. The Court is required to draw *plausible*
> inferences from the factual allegations of the complaint. It is not permitted to draw

16

an inference that is merely conceivable, when other inferences are more or equally plausible. Here, for example, *it is telling that there are no allegations regarding what prompted Plaintiff to suddenly register in October 2019—whether it was the discovery of the alleged infringement, in which case statutory damages may not be available, or some other event.*

*Id.* (citation omitted) (second emphasis added); *see Jeremiah v. 5 Towns Jewish Times, Inc.*, 22 CV 5942 (NGG)(CLP), 2023 WL 6593997, at *7 (E.D.N.Y. Aug. 9, 2023) (statutory damages and attorney fees not available where alleged infringement of copyrighted photograph occurred before registration and complaint did not allege when photograph was first published), *report and recommendation adopted*, 2023 WL 5703698 (Sept. 5, 2023); *id.* at *8 n.8 ("Plaintiff would . . . not be able to collect statutory damages for defendant's infringement after plaintiff registered the [copyrighted] Photograph if the infringement began before registration."); *Sadowski v. Saluja*, 17-CV-2832 (ADS)(SIL), 2018 WL 4658436, at *4 n.7 (E.D.N.Y. Aug. 3, 2018) ("[B]ecause [plaintiff] has submitted no evidence that he timely registered the [copyrighted] Image, he has not established a right to statutory damages or attorneys' fees."), *report and recommendation adopted*, 2018 WL 4637353 (Sept. 27, 2018).

Similarly in this case, it is unclear what caused Plaintiffs to register a copyright for the "Ski Country" pillow in February 2024, well over ten years after Megroz first published the pillow and right around the same time "it was discovered" that Lolo was selling unauthorized copies of the pillow without Plaintiffs' permission. (Doc. 1 ¶ 17.) Moreover, Plaintiffs have not alleged, or provided evidence, to support the presumption that Defendants' infringement of the "Ski Country" copyright commenced after the effective date of its registration.

Accordingly, Plaintiffs have not demonstrated their entitlement to an award of statutory damages under the Copyright Act.[7]

---

[7] Even if Plaintiffs were entitled to an award of statutory damages, they have not adequately supported, either factually or legally, their entitlement to the statutory maximum of $150,000. (*See* Doc. 12 at 8–10.) *See, e.g.*,

17

## IV.    Attorney Fees and Costs

In addition to statutory damages, Plaintiffs seek an award of attorney fees and costs totaling $8,680 pursuant to 17 U.S.C. § 505 (*see* Doc. 12 at 1, 11, 12), which provides that the prevailing party in a copyright infringement action may recover their reasonable attorney fees and costs. However, as noted above, 17 U.S.C. § 412(2) precludes an award of attorney fees and costs for any act of copyright infringement that commenced prior to the effective date of registration of the asserted copyright. *See, e.g.*, *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1012 (2d Cir. 1995) (finding that plaintiff was precluded from obtaining attorney fees where registration for copyrighted sweater "was not obtained until . . . after the start of [defendant's] infringing activity"); *Silberman v. Innovation Luggage, Inc.*, No. 01 Civ. 7109(GEL), 2003 WL 1787123, at *9 (S.D.N.Y. Apr. 3, 2003) (holding that "as long as infringement commenced before the date of registration, statutory damages and attorney's fees are barred even if infringement continued after the date of registration"); *U-Neek, Inc. v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 158, 170–71 (S.D.N.Y. 2001) (holding that plaintiff was not eligible for attorney fees where alleged infringement of copyrighted artwork designs occurred more than three months after first publication of designs but before registration of copyrights).

Given that Plaintiffs have not alleged or demonstrated that Defendants' infringement of the "Ski Country" copyright commenced after the effective date of "Ski Country's" registration

---

*Christian Dior Couture SA v. Lin*, 744 F. Supp. 3d 312, 316 (S.D.N.Y. 2024) ("[J]udges in this district tend to award damages well below the statutory maximum, particularly where the plaintiff does not have concrete information about the defendant's actual sales figures and profits." (internal quotation marks omitted)); *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, 17-CV-5721-MKB-SJB, 2019 WL 312149, at *8 (E.D.N.Y. Jan. 3, 2019) (noting that courts "will not simply award the maximum statutory damages because a defendant has defaulted"), *report and recommendation adopted*, 2019 WL 291145 (Jan. 23, 2019); *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 375 (S.D.N.Y. 2019) (noting that in determining the amount of statutory damages, courts "must determine both the licensing fee [defendant] would have paid [plaintiff], as well as the appropriate multiplier of that fee"); *Philpot v. Music Times LLC*, 16cv1277 (DLC) (DF), 2017 WL 9538900, at *9 (S.D.N.Y. Mar. 29, 2017) ("Even in cases of willful infringement, . . . the rule-of-thumb of awarding statutory damages of three to five times the plaintiff's licensing fees is commonly applied."), *report and recommendation adopted*, 2017 WL 1906902 (May 9, 2017).

18

or within three months after first publication of "Ski Country," Plaintiffs' request for an award of attorney fees and costs should be denied.

### Conclusion

The Court finds that Plaintiffs have established a valid claim of copyright infringement under the Copyright Act regarding the "Ski Country" design that is attached to the Complaint (Doc. 1-1 at 2). Consequently, the Court recommends GRANTING Plaintiffs' Motion for Default Judgment (Doc. 12) as to liability and PERMANENTLY ENJOINING Defendants from infringing in any manner—including selling, distributing, marketing, displaying, or offering for sale—the "Ski Country" design, pursuant to 17 U.S.C. § 502.

For the reasons discussed above, the Court further finds that Plaintiffs are not entitled to an award of statutory damages or attorney fees and costs at this time, and therefore recommends that Plaintiffs' request for statutory damages and attorney fees and costs be DENIED without prejudice.

Given that the Complaint, in addition to seeking statutory damages, also seeks "actual damages plus Defendants' profits" (Doc. 1 at 6), Plaintiffs may file a supplemental memorandum containing argument and evidence to support an award for "Actual Damages and Profits," as allowed under 17 U.S.C. § 504(b). Alternatively, Plaintiffs may amend their Complaint to add claims that may support an award of statutory damages under 17 U.S.C. § 504(c) and attorney fees and costs under 17 U.S.C. § 505.

The Clerk of the Court is requested to assign this case to a United States District Judge for consideration of this Report and Recommendation.

19

Dated at Burlington, in the District of Vermont, this 25th day of June 2026.


/s/ Kevin J. Doyle
Kevin J. Doyle
United States Magistrate Judge


Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).