U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 JUL 17 P 2:14

BY _____
DEPUTY CLERK



UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| CHANDLER FOUR CORNERS, INC. and LAURA MEGROZ, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 2:25-cv-631 |
| LOLO IMPORTS, LLC d/b/a LOLO RUGS AND GIFTS, and AYTEKIN TENEKECI, | ) ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**
**(Docs. 12, 16)**

Plaintiffs Chandler Four Corners, Inc. ("Chandler") and Laura Megroz filed this suit for copyright infringement under 17 U.S.C. § 101, et seq., alleging that defendants Lolo Imports, LLC d/b/a Lolo Rugs and Gifts ("Lolo"), and Lolo's owner, Aytekin Tenekeci, made unauthorized sales of items with a copyrighted design depicting skiers and conifer trees created by Ms. Megroz and licensed exclusively to Chandler. (Doc. 1.) In the Complaint, Plaintiffs seek compensatory damages of at least $200,000; statutory damages "at [Plaintiffs'] election" for the maximum amount of $150,000 for each infringing act; an order enjoining Defendants from selling the copyrighted work; and attorney fees and costs. (*Id.* at 6.)

Defendants failed to appear, the Clerk entered a default in November 2025 (Doc. 11), and Plaintiffs filed a motion for default judgment under Fed. R. Civ. P. 55(b)(2) in January 2026 (Doc. 12). Defendants filed no opposition or other response. Currently pending is United States Magistrate Judge Kevin Doyle's Report and Recommendation ("R&R"), recommending that Plaintiffs' motion be granted as to liability and denied without prejudice as to statutory damages, attorney fees, and costs. (Doc. 16.) No party has filed any objection to the R&R.

## Background

The R&R summarizes the allegations in Plaintiffs' complaint; the court finds no error in the R&R's recitation of the allegations. They are, in brief, as follows.

Chander is a Vermont corporation in the business of producing, marketing, and selling "artist-created, handcrafted, decorative goods" to over 1,000 stores. (Doc. 1 ¶ 5.) Ms. Megroz is a Vermont resident and artist who creates and sells artwork depicting winter scenes. (*Id.* ¶ 6.) One of her works is entitled "Ski Country"; it is sometimes produced on pillows with ski destination designations such as "Vail" or "Colorado" written on it:



(*Id.*) Chandler is Ms. Megroz's exclusive licensee for the production and sale of "Ski Country." (*Id.* ¶ 7.) "Ski Country" is an original work of two-dimensional art created and published by Ms. Megroz in 2010; it was registered with the United States Copyright Office effective February 16, 2024. (*Id.* ¶¶ 14–15; *see also* Doc. 1-1.)

Lolo is (or was) a Nevada corporation with its principal place of business in Colorado. (*Id.* ¶ 8.) Lolo is (or was) in the business of selling rugs, gifts, and other household items via its website and at stores in Nevada and Colorado. (*Id.* ¶¶ 8, 24.) Aytekin Tenekeci owns Lolo and is a Colorado resident. (*Id.* ¶ 8.)

2

In 2019, Lolo purchased "Ski Country" works from Chandler for purposes of resale. (*Id.* ¶ 16.) "Early" in 2024 "it was discovered that Lolo was selling unauthorized and unlicensed 'Ski Country' pillows at its store in Vail." (*Id.* ¶ 17.) In letters dated February 26 and April 2, 2024, Chandler demanded that Lolo cease and desist selling the infringing products. (*Id.* ¶¶ 18, 20.) Chandler received no responsive communication from Lolo other than a May 3, 2024, voicemail from Mr. Tenekeci stating that he was "able to return all products to our source." (*Id.* ¶ 21.) Nevertheless, Lolo continued to sell "Ski Country" pillows on its website and at its Vail location without Plaintiffs' permission. (*Id.* ¶¶ 23–25.)

### Standard of Review

Where a magistrate judge enters a recommended disposition on a dispositive motion, a district judge must determine "de novo" any part of the recommendation to which a party properly objects. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). "The court may adopt those portions of the [R&R] to which no objection is made as long as no clear error is apparent from the face of the record." *United States v. Shores*, No. 17-cr-00083, 2024 WL 489313, at *10 (D. Vt. Feb. 8, 2024) (alteration in original; quoting *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020)). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Cullen*, 194 F.3d at 405.

### Analysis

The R&R thoroughly and accurately recites the legal standard for default judgment. (Doc. 16 at 4–6.) On the issue of liability, the R&R recites the elements that Plaintiffs must prove to establish copyright infringement: "(1) ownership of a valid copyright, and (2) copying

of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The R&R carefully explains that the allegations and evidence establish both of these elements. (Doc. 16 at 6–9.) The court finds no error in this analysis and adopts the R&R's recommendation that Plaintiffs' Motion for Default Judgment should be granted against Defendants jointly and severally as to liability for copyright infringement.

On the issue of damages, the R&R reviews the remedies available under 17 U.S.C. § 504(a)–(c), including the $150,000 in statutory damages for infringement committed "willfully." (Doc. 16 at 10–11.) Noting that Plaintiffs' Motion for Default Judgment requests only statutory damages, the R&R concludes that the Complaint contains sufficient allegations to establish "willful" infringement. (*Id.* at 11–12.) The R&R recites the factors relevant to determining an award of statutory damages for copyright infringement (*id.* at 12), and proceeds to discuss the relevant provisions of 17 U.S.C. § 412:

> In any action under this title, other than [certain actions not relevant here], no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . .
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

The R&R explains that the Complaint's allegations do not indicate whether the infringement "commenced" before or after the February 16, 2024, effective date of copyright registration, and concludes that "Plaintiffs have not demonstrated their entitlement to an award of statutory damages under the Copyright Act." (Doc. 16 at 14–17.) For the same reason, the R&R reaches the same conclusion as to Plaintiffs' request for attorney fees and costs. (*Id.* at 18–19.)

The court agrees with and adopts this analysis. The Complaint specifies the effective date of the copyright's registration as February 16, 2024, but the Complaint lacks sufficiently detailed allegations as to when the infringement commenced. If the discovery of the

4

infringement in "[e]arly" 2024 (Doc. 1 ¶ 17) means *after* the February 16, 2024, effective date of registration, then § 412(2) would not prohibit statutory damages and attorney fees. But if "early" 2024 means discovery of the infringement *before* February 16, 2024, then statutory damages and attorney fees are prohibited under § 412(2). The former scenario is *possible*, but without further factual allegations the court cannot conclude that it is *plausible*. (*See* Doc. 16 at 16–17 (quoting *Yague v. Visionaire Publ'g LLC*, No. 19-cv-11717, at *2 (S.D.N.Y. Sept. 29, 2021)).)

### Conclusion

For the reasons stated above, the Report and Recommendation (Doc. 16) is AFFIRMED, APPROVED, and ADOPTED. Plaintiffs' Motion for Default Judgment (Doc. 12) is GRANTED as to liability, and the court grants relief PERMANENTLY ENJOINING Defendants from infringing the "Ski Country" design in any manner, including selling, distributing, marketing, displaying, or offering it for sale. Plaintiffs' request for statutory damages and attorney fees and costs is DENIED without prejudice. Plaintiffs may file a supplemental memorandum with argument and evidence supporting an award for "Actual Damages and Profits," as allowed under 17 U.S.C. § 504(b). Alternatively, Plaintiffs may amend their Complaint to add claims that may support an award of statutory damages under 17 U.S.C. § 504(c) and attorney fees and costs under 17 U.S.C. § 505. Any supplemental memorandum or amended complaint shall be filed within 60 days.

Dated at Burlington, in the District of Vermont, this 17th day of July, 2026.

Geoffrey W. Crawford, Judge
United States District Court

5